IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| v. | * | Cr. Case No. PX-16-564 |
| | * | -**Case Under Seal**- |
| SEANDELL HECTOR, | * | |
| Defendant. | | |

\*\*\*\*\*\*

MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant Seandell Hector's Motion for Authorization for International Travel. ECF No. 13.  For the following reasons, the Motion is DENIED.

The Bail Reform Act at 18 U.S.C. § 3143(a) provides that "the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under 3142(b) or (c)."  Section 3142(c) provides for release on conditions designed to reasonably assure a defendant's appearance in court and protect the community.  Accordingly, once a defendant pleads guilty, the Bail Reform Act mandates detention unless and until the defendant demonstrates release is warranted.

On December 2, 2016, Mr. Hector pleaded guilty to intentional damage to a protected computer in violation of 18 U.S.C. § 1030(a)(4) and (c)(3)(A).  This offense carries a maximum term of five years' imprisonment and is thus a felony.  Further, the current advisory guideline calculation as discussed during Mr. Hector's re-arraignment recommends a term of imprisonment.

At Mr. Hector's guilty plea hearing, his long history of cooperation with the Government provided the Court sufficient to support release on conditions. One of those conditions was the surrender of his passport. This condition was put in place in part to address Mr. Hector's family ties outside the United States, the significant wealth amassed during the commission of the crime (estimated at $150,000), his current financial means, his sophistication with computers (a portable and universal skill), and his youthful lack of family ties (unmarried, no children, not a property owner). This condition will not lightly be lifted.

Mr. Hector simply has not provided sufficient evidence to rebut the need for this condition to remain in place. While the Court is mindful that Mr. Hector has apparently earned the Government's trust through this relationship, it also begs the question as to why Mr. Hector thought it wise to book a pre-paid vacation with the current case looming and knowing that a restitution payment of $150,000 is in his future. He answers none of these obvious questions in his motion.

Further, the Defendant has provided no information regarding whether the extradition treaty between the United States and Thailand (Mr. Hector's proffered destination), reaches Mr. Hector's offense. The Court's own research suggests perhaps not, and that extradition could potentially be complicated. The extradition treaty between the United States and Thailand requires extradition when the offense "is punishable under the laws of both Contracting Parties by imprisonment . . . of more than one year . . .", Extradition Treaty with Thailand, U.S.-Thai., June 28, 1984, S. Exec. Rep. No. 98-16 (1984). But certain computer-related offenses under Thai law provide for imprisonment of no longer than six months. Bhumibol Adulyadej, Rex. [Government Gazette], Vol. 124 § 27, Computer Crime Act, B.E. 2550 (2007). Accordingly, if

Mr. Hector failed to return and fought extradition, it remains an open question as to whether he could be extradited.

Finally, Mr. Hector has offered this Court no security related to his return but his word. For example, he has not posted collateral such as real property or funds to mitigate any risk of flight. Nor has he offered a suitable traveling third party custodian. In light of the above, this Court is constrained to deny Mr. Hector's motion. His current release conditions remain in full force and effect.


| | |
|---|---|
| _12/13/2016_ | _____/S/_____ |
| Date | Paula Xinis |
| | United States District Judge |